[No. 7934-8-II.  Division Two.  December 19, 1986.]

PATRICIA L. BROWNE, *Appellant,* v. M. MITCH
CASSIDY, ET AL, *Respondents.*

*John R. Connelly, Jr.,* and *Gordon, Thomas, Honeywell,
Malanca, Peterson & O'Hern,* for appellant.

*Jerry W. Bird* and *Bird & Percival,* for respondents.

ALEXANDER, J.—Patricia Browne appealed the trial
court's denial of her motion for a judgment notwithstand-
ing the verdict. We hold that the trial court correctly
denied her motion, and we affirm.

Browne filed a malpractice action against two chiroprac-
tors, Dr. Calvin R. Hicks and Dr. M. Mitch Cassidy.
Browne alleged in her complaint that she had sustained
personal injuries as a result of chiropractic treatment that
she had received from both Drs. Cassidy and Hicks at the
Federal Way Chiropractic Center on February 5 and 6,
1980. Browne alleged in her complaint that the defendants
practiced as a partnership or joint venture under the name
of the Federal Way Chiropractic Center.

In their joint answer, the defendants admitted that they did business under the name of the Federal Way Chiropractic Center, but they denied every other allegation in the complaint concerning partnership or joint venture. However, at trial, Dr. Cassidy testified that he was in partnership with Dr. Hicks in February 1980. Similarly, Dr. Hicks admitted at trial that he was in partnership with Dr. Cassidy in 1980 and that he had assisted Cassidy in the manipulation of Browne's spine on February 5, 1980.

Despite these apparent admissions of partnership, Browne did not seek a directed verdict on the issue of a partner's liability for the acts of his partner. Neither did she request a jury instruction concerning the joint liability of partners. Apparently, Browne was content to try to establish liability on the part of both partners resulting from their own active negligence.

The court, without objection from the parties, submitted three verdict forms to the jury. On verdict form A, the jury could find "against all defendants." On verdict form B, the jury could find against "only defendant(s) _____." On verdict form C, the jury could find "for the defendants." The jury returned its verdict on form B and awarded Browne $60,000 against "only defendant(s) Dr. Cassidy." Browne registered no objection to the verdict at the time it was rendered.

Browne thereafter filed a "Plaintiff's Memorandum in Support of Judgment," in which she contended that a judgment should be rendered against Dr. Hicks as a matter of law because Hicks was liable for Cassidy's acts as Cassidy's partner. In the same motion, Browne alternatively asked, pursuant to CR 50, for a judgment notwithstanding the verdict against Dr. Hicks. The trial court denied both motions and entered a judgment against Cassidy only.

Browne alleges on appeal that the trial court erred in denying her motion for judgment n.o.v. She argued that because Cassidy and Hicks admitted that they were partners, and because a partner is bound by his partner's

wrongful acts under RCW 25.04.130,[1] the trial court should have entered judgment against Hicks. We disagree. A court should only grant a motion for a judgment n.o.v. under CR 50[2] when the court can say, "as a matter of law, that there is neither evidence nor reasonable inference therefrom sufficient to sustain the verdict." *Brashear v. Puget Sound Power & Light Co.*, 100 Wn.2d 204, 208–09, 667 P.2d 78 (1983).

Even assuming that the evidence presented at trial established a partnership, Browne is attempting to avail herself of CR 50 to obtain a judgment against Hicks on a theory that she did not present to the jury. In our opinion, that is an improper use of CR 50. If Browne had wished to establish liability against Hicks on a partnership theory, as opposed to a negligence liability theory, and if she felt that the evidence supported that theory, she could have moved for a directed verdict on the issue of partnership liability at the close of the defendants' evidence pursuant to CR 50(a). Alternatively, Browne could have proposed a jury instruction indicating that if the jury found that there was a partnership and that a partner was negligent, then the jury must find against both partners on a theory of partnership liability.[3] Browne did not, however, take either of these steps to establish Hicks' liability on a partnership theory. She should not be permitted to establish liability now on

---

[1]RCW 25.04.130 provides:

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

[2]CR 50(b) provides:

"Not later than 10 days after the entry of judgment or after the jury is discharged if no verdict is returned, whether or not he has moved for a directed verdict and whether or not a verdict was returned, a party may move for judgment notwithstanding the verdict. . . ."

[3]The Washington Pattern Instructions include several pattern instructions concerning the joint liability of partners. *See* WPI 50.15 through 50.17.

that theory, after having failed to take appropriate steps to do so during trial.

The burden is on the parties to a lawsuit to propose jury instructions covering their respective theories. *White v. Burke,* 31 Wn.2d 573, 583–84, 197 P.2d 1008 (1948). A party is bound by the legal theories pleaded and argued before the jury renders a verdict. *Cf. Teratron Gen. v. Institutional Investors Trust,* 18 Wn. App. 481, 489–90, 569 P.2d 1198 (1977) (where the court held that a party could not urge new theories for the first time over a month after the trial court's oral decision, in a bench trial). The court noted that "[a] lawsuit cannot be tried on one theory and appealed on others." *Teratron,* 18 Wn. App. at 489. *See also Green v. DeFelice,* 466 So. 2d 1373, 1381 (La. Ct. App. 1985) (where the appellate court agreed with the trial court that, when a party failed to attempt to prove liability on the part of third persons during the trial, it was too late for the party to raise the issue after the trial, jury verdict, and judgment).

In our judgment it follows that if a party fails to propose instructions on a particular theory of recovery, that theory is taken out of the case, and it cannot be reinstituted under the guise of a motion for judgment n.o.v. The evidence supports the verdict against Dr. Cassidy, and Browne is bound to the limits of that verdict. Browne's theory of recovery based on partnership liability was abandoned at trial, and it cannot be resurrected now.

The trial court properly denied the motion for a judgment n.o.v.

We affirm the decision of the trial court.

WORSWICK, C.J., and REED, J., concur.