OPINION AND ORDER

This appeal addresses whether the trial judge was biased in determining the Ordinance 21.3.3.7 breaking and entering and 21.3.3.74 theft charges brought against appellant. This appeal also addresses whether the trial court violated appellant’s due process rights under Indian Civil Rights Act, section 1302(8) by refusing to allow his withdrawal of guilty plea.

PROCEDURAL HISTORY

Appellant, Clinton Lomakema, pled not guilty at his arraignment on May 19, 1999 to chai'ges of breaking and entering and theft.[1] At the arraignment, the court ordered a recognizance release with the stipulation that defendant appear for trial on June 15, 1999. After defendant failed to appear, a warrant was issued for his arrest and a bond was set for $500.[2] On July 6, 1999, appellant was arraigned for intoxication and pursuant to his outstanding warrant for non-appearance. At arraignment, defendant pled guilty to the charges of breaking and entering and theft. The court then ordered the Adult Probation Department to perform a pre-sentencing investigation.[3]
On July 16, 1999 appellant made a motion to withdraw his guilty plea. As grounds for his motion, appellant cited Ordinance 21.2.14.3 concerning grounds for new trials.[4] This motion was denied by the court as lacking sufficient legal basis.[5] An order of continuance was then ordered on August 11, 1999 for sentencing to take place September 2, 1999 rather than the originally scheduled August 10.[6] Also on August 11, appellant filed a motion to dismiss due to the court’s lack of basis for and failure to notify him of the continuance. This continuance, appellant pointed out in his motion, caused him to remain in jail for a greater time period before sentencing.[7] On August 11, the trial court issued an order denying defendant’s motion to dismiss on the grounds of improper continuance procedure by stating “good cause has not been shown”.
Sentencing took place on September 2, 1999 in which defendant was given jail time, a fine, courts costs, and an order to *353 pay restitution.[8] On September 7, appellant issued a hand written statement that was construed by the tidal court as a notice of appeal. According to that statement, the specific issue for review on appeal is prejudice on behalf of the trial court judge.[9] In regard to appellant’s motions for reduction of bond and a stay of judgment pending appeal, these requests are rendered moot by the trial court’s granting of these motions.[10]
On appeal, issues were construed broadly as alleged judicial bias and due process violation for dismissal of appellant’s motion to withdraw his guilty plea. During the proceeding, the Tribe expressed lack of notice regarding the scope of the appeal. However, given the importance of the due process issue and the appellant’s lack of counsel, the Justices decided to scrutinize the due process issue. On appeal, appellant appeared pro se and requested a new trial.

RELEVANT FACTS

According to the Pre-Sentence Investigation ordered by the trial court, appellant allegedly violated Ordinance 21 on April 23, 1999 at or near Shungopavi village.[11] In his statement, defendant asserts that he had been at the tribal hall seeking employment on April 23, 1999 when the alleged breaking and entering and theft took place. Defendant goes on to explain that he pled guilty on July 6 in the hopes of being released in order to work. Additionally, appellant contends that he does not know why Waldo Sakeva said he purchased the stolen jewelry from him.[12] In the victim’s statement, Victor Coochwyte-wa (the victim) states that he saw defendant walk out of his house just before the alleged theft was discovered.[13] This led Cooehwytewa to conclude that appellant had stolen his property.
Although defendant and victim’s statements could be construed as raising material issues of fact for trial, appellant’s guilty plea on July 6 foreclosed this avenue. Because appellant’s motion to withdraw his guilty plea was rejected, the court sentenced him on the basis of the Pre-Sentencing committee’s recommendation.[14] After sentencing appellant’s September 7 letters contesting the trial court’s findings were construed as a notice of appeal.

ISSUES ON APPEAL

1) Whether the trial judge was biased in deciding this matter?
2) Whether the tidal court judge erred in accepting appellant’s guilty plea *354 and in denying a later motion to withdraw it?

DISCUSSION

I. The Hopi Appellate Court Has Jurisdiction to Hear this Appeal
In his two letters dated September 7, appellant appears to be appealing based on the issue of potential bias on behalf of the trial court judge. He asserts that new evidence has surfaced that demonstrates the trial judge’s prejudice.[15] The issue of disqualification of a judge is specifically alleged in his statement dated September 9, 1999. In that letter, appellant asserts that trial judge Delfred Leslie stated during sentencing that he knew the victim “very well”. According to appellant, this conduct breached the trial judge’s duty not to be biased under Hopi Indian Rules of Civil and Criminal Procedure Rule 33.[16] This issue contests the sufficiency of the trial court’s sentencing order, which exceeds the 30 day imprisonment, $50 minimum penalty requirement for appeal. Therefore, the final judgment of the trial court can be reviewed according to H.R.C.C.P. Rule 37 and Ordinance 21, section 1.2.5.
Appellant asks for' review in regal'd to only the judicial disqualification issue. However, because the appellant is unrepresented and perhaps not in a position to retain counsel, issues for appeal should be construed more broadly. Appellant may have overlooked the fact that he needed to restate some of his earlier motions denied by the trial court until after sentencing in order for them to be considered on appeal.[17] A relevant order that falls into this category is the order denying defendant’s motion to withdraw his guilty plea, dated July 20, 1999.
II. Judicial Bias
The first issue on appeal is whether the trial judge was biased. According to Martin v. Hopi Tribe, “it is the duty of the Tribal Courts to hear and determine all cases before it in a fair and impartial manner and to discreetly exercise the power in it vested, to the end that justice may be administered and law and order maintained.” [18] The reasons for having such a policy include maintaining public faith in the justice system and protecting a defendant from judicial arbitrariness. The standard for when a judge must remove himself according to the Tribal Council is when a judge “[1] has a direct interest in the outcome of the case, or [2] is related to one of the litigants within the second degree of lineal consanquninity.” Hopi Ord. 21, section 1.5.1. In appellant’s case, it is not alleged that either of these conditions apply, so this rule should not apply. Where a suspicion of bias in a reasonable person might be created, even when no bias actually exists, a Hopi Tribal Court judge should recuse himself or herself.[19]
The issue of judicial disqualification does not rise to the level of reversible error. During sentencing, the trial court *355 judge does mention that he knew the victim. In order to allege that by knowing the victim the judge’s conduct rises to the level of a duty to remove himself, the appellant would have had to file an affidavit stating “the facts and the reasons for the belief that such bias or prejudice exists.”[20] Because appellant did not issue any such affidavit, a finding for appellant on this issue is difficult.
Whether bias might have been created in a reasonable person is the issue before the court, assuming we waive appellant’s affidavit requirement discussed supra, The standard for affidavits alleging judicial bias in Hawaii may be helpful here because the law of that state on this subject is relatively well developed. According to H.R.S. section 601-7(b) affidavits must: 1) State facts or reasons for bias or prejudice in good faith. 2) Affidavit must be submitted prior to relevant hearings. 3) An exception to the affidavit requirement can be made where good cause for failure to file in time is shown. Appellant’s lack of counsel and knowledge of the affidavit requirement demonstrates good cause for appellant’s failure to timely file an affidavit.
Assuming for the moment the affidavit requirement is waived, it is necessary to examine the substance of appellant’s allegations of judicial bias. During sentencing, when the alleged bias took place the trial judge does mention that he knew the victim and could identify him as an old man. However, the judge seems to be sharing this information not in order to underscore personal bias but rather to illustrate why Hopis should refrain from taking advantage of the elderly.[21] This statement made by the judge does not engender a duty of removal. According to Hopi law standards relating to judicial disqualification it is very unlikely Judge Leslie’s single statement indicated bias. Supporting this point is appellant’s lack of any evidence supporting his claim in either his motion or an affidavit as required by Hopi law. If perhaps appellant could have pointed out suspect affiliations between victim and the trial court judge then his claim of bias may have had merit. Given the record, there is insufficient evidence to support any duty for the trial court judge to have removed himself.
III. Withdrawal of Guilty Plea
In regard to the July 20, 1999 order denying defendant’s motion to withdraw his guilty plea, the court likely did not err by stating that appellant’s motion lacked sufficient legal basis.[22] On its face the trial court’s action in denying appellant’s July 16 motion to withdraw his guilty plea did not rise to the level of reversible error. Despite the fact that appellant failed to provide adequate legal grounds for his motion, there could have been a due process violation. According to the Indian Civil Rights Act, the tribe cannot “deprive any person of liberty or property without due process of law.”[23] Whether the trial court’s failure to allow a defendant’s motion to withdraw his guilty plea violates due process is a question of first impression. A substantive standard that favors appellant’s due process rights is necessary here. Because there were material issues of fact in dispute according *356 to the Pre-Sentencing Investigation, a standard favoring the defendant’s right to trial may outweigh an earlier, ill-advised guilty plea. Such a standard could provide a safeguard against coerced or involuntary guilty pleas.
As the court recognized in And, defendants might plead guilty for a variety of reasons other than guilt.[24] Specifically, the court listed eight steps a court should follow in order to assure the receipt of a valid plea; 1) reading the complaint to the defendant; 2) giving the complaint to the defendant; 3) explaining the charge; 4) advising the defendant that by pleading guilty, he will waive certain rights, including the right to counsel, to a trial by jury, to confront witnesses and to compel witnesses to testify on his behalf; 5) making a complete record of the proceedings; 6) determining that there is a factual basis for the plea; 7) determining that the plea was voluntarily made; and 8) asking the defendant to plead to the charges.[25] If some of these steps were not followed when appellant pled guilty, this could constitute reversible error.
Minor deviations from the And standard will not constitute reversible error as long as defendant entered a “knowing, intelligent and voluntary,” plea.[26] In appellant’s case, he admits to signing his guilty plea in hopes that he may have been released on work release. It seems plausible that the court did not violate appellant’s rights under the Ami standard though. On appellant’s guilty plea form, dated May 19, are spelled out rights ‘defendant is entitled to.’ In addition, if appellant could not read the form and it was not explained to him, this could constitute reversible error. The record of the guilty plea is limited to the trial judge asking appellant what his plea is. Standing alone, the words of the trial judge are not sufficient to apprise appellant of what is required according to Ami.
In order for the trial court’s denial of appellant’s motion to withdraw his guilty plea to be reversible, according to the Ami standard we must determine that there were other reasons than guilt that compelled appellant to plead guilty. Evidence for such a finding could be found in victim’s statement, which suggests he pled guilty because he thought such an option would be less costly and more expedient. This finding could be bolstered by defendant’s later conduct in attempting to withdraw his guilty plea. By not allowing the motion to withdraw the guilty plea, it may be that defendant’s light to fundamental fairness was violated since he likely did not understand what he was doing by pleading guilty. Supporting this position is the fact that appellant thought he could receive a work release and avoid jail time. Unless appellant misunderstood what pleading guilty would mean, he would have had little reason to first plead not guilty, subsequently plead guilty, and then attempt to return to his original plea of not guilty.

ORDER OF THE COURT

In regard to appellant’s allegation that the trial court judge was biased, no such bias existed. There is no reversible error on the part of the trial court judge because he was never petitioned by appellant in the form of a valid affidavit supporting his move for judicial disqualification. Even if the affidavit requirement is waived, it is doubtful the trial court judge’s conduct rose to the level of prejudice. During *357 sentencing the judge did mention he knew the victim. However, in the context of a small community such as among Hopis, it is foreseeable that many members of the community know each other. For the above reasons, it is prudent to rule that no judicial prejudice occurred.
A remand in regard to the trial court’s procedure for entering of valid guilty pleas is in order. On remand, the trial court should insure that Ami standards for entering of valid guilty pleas are followed in each and every set of charges arising from distinct operative facts. It is not enough to assume defendants understand all independent charges brought against them. For each set of charges arising from distinct operative facts, the trial judge must ask the appellant whether he/she understands and has received a copy of the complaint. Unless the court is certain the defendant understands the consequences of his actions, Hopi notions of fundamental fairness, requiring a voluntary, knowing, and intelligent plea, cannot be protected.
In regard to the denial of appellant’s motion to withdraw his guilty plea, we reverse because the trial court failed to verbally apprise appellant at the time of his guilty plea of the consequences of his actions. Defendants cannot be assumed to know the legal implications of their guilty pleas. Defendants must be specifically informed upon entering of pleas by the judge of the charges and potential penalties against them and that pleading guilty could mean maximum sentencing allowable under Hopi law.
In summary, this court reverses the order denying appellant’s motion to withdraw his guilty plea and remands for proceedings consistent with this opinion.
Appellant has served a partial sentence and paid some of his fines.[27] The remainder of the sentence of the trial court shall be stayed pending outcome of the remand.

. Rights form dated May 19, 1999 in which appellant pled not guilty to the charges of breaking and entering (Ordinance 21.3.3.7) and theft (21.3.3.74) and waived his right to legal counsel.

. Warrant for arrest and setting of bail bond at $500 dated June 15, 1999 for non-appearance issued by order of the Hopi Tribal Court.

. The order dated July 6, 1999 ordering a pre-sentencing investigation also included the designation of August 10, 1999 as the dale of actual sentencing.

. This motion was construed as legally insufficient by the court in its order dated July 21, 1999 in which it states "defendant has not provided any legal basis or argument to support his motion ...”

. See supra footnote 4.

. In its order the court does not give any grounds for the continuance and fails to mention why an order was not issued on or prior to the original August 10, 1999 date of sentencing.

. Appellant’s motion dated August 11, 1999 in which he claims false imprisonment due to unlawful continuance of hearing beyond that originally declared by trial judge. As a legal basis for his claim, appellant points out "under Ordinance 21 there are procedures for a continuance”. Whether these procedure were violated is moot due to appellant's later sentencing.

. See order dated September 2, 1999 for specific details of sentencing.

. Appellant's further contention that new evidence had surfaced, on a close reading, is understood as pertaining to the issue of potential prejudice on behalf of the trial court judge. Therefore, for purposes of appeal these two statements dated September 7 can be construed as the single issue of the duty of judicial disqualification where prejudice is likely.

. In the court order dated October 4, 1999 the bond is reduced from $1,000 to $500. On October 4, the trial court issues an additional order granting appellant's motion for a stay of judgment pending appeal.

. See supra footnote 1 for charges appellant is accused of violating.

. See Defendant’s Statement section of Pre-Sentencing Investigation report dated August 9, 1999 for further information concerning appellant’s statement.

. See Viclim(s) Statement section of Pre-Sentencing Report dated August 9, 1999.

. See Recommendation(s) section of Pre-Sentencing Report dated August 9, 1 999.

. See “RE: Appealment” statement dated September 7 filed by defendant and later notice of appeal motion dated September 9, 1999.

. See supra footnote 15.

. H.R.C.C.P. Rule 37(c) specifies notices of appeal should be filed within 20 days from the entry of judgment appealed from. Also, Ordinance 21.1.2.5 gives minimum requirements for issues on appeal. Insofar as issues on appeal relate directly to the sufficiency of the trial court’s final judgment they are ap-pealable.

. See Martin v. Hopi Tribe, AP-004-95, quoting Hopi Ordinance 21, section 1.8.2

. See Marlin, supra footnote 21.

. See H.R.C.C.P. Rule 33(b) on Disqualification of a Judge. See supra footnote 4.

. In the sentencing transcript the trial judge seems to be attempting to make a philosophical point by mentioning that he knows victim. In other words, the judge appears to be trying to put a face on the crime in order that it not become accepted as permissible among Hopis.

. See supra footnote 4.

. See I.C.R.A., section 1302(8).

. See Tribal Legal Systems article by Siri Shetty, 12/18/98.

. See supra footnote 24 at 35.

. See supra footnote 24 at 35.

. For breaking and entering appellant was sentenced to 90 days in jail, $200 in fines, and $25 court costs. In regard to the charge of theft, appellant was sentenced to 90 days in jail and restitution of $150. Of this sentence, appellant has served jail time from time of arraignment July 6, 1999 until sentencing September 2, 1999.