OPINION AND ORDER

OPENING STATEMENT

This opinion addresses whether the trial court erroneously denied Appellants’ request for a jury instruction, violated the Appellants’ confrontation clause rights, and exhibited judicial bias against the Appellants. We find in the negative on all three issues and affirm the trial court’s judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Appellants, Joseph Laban and Brian Laban (herein referred to as “Appellants”), were former employees of the Yu Weh Loo Pah Ki (“YWLPK”) Community. They were terminated for cause from employment in September 2001. Appellee is the YWLPK Community Board of Commissioners (herein referred to as “Appellee”). At the time of the termination, Joseph Laban’s job classification pursuant to the YWLPK Personnel Policies and Procedures Manual[1] (“PPPM”) was permanent supervisory employee and Brian Laban’s was permanent general employee. Complaint at 3; Answer at 2.
*457 The facts giving rise to this action are as follows. Allegations of sexual harassment were brought against Joseph Laban. Appellants’ Trial Exhibit (A.T.E.) # C. Thereafter, he was suspended without pay from his position as Project Manager with the YWLPK Community. Id. Based on findings of sexual harassment, the Appel-lee terminated Appellant from his position.[2] A.T.E. # E. Allegations of sexual harassment were also made against Brian Laban. A.T.E. # H. The Appellee voted to continue his employment on the condition that he be suspended for six months,[3] receive and show documentation for sexual harassment training (paid at his expense), and make a public apology to the employee who brought forth the allegations. Id. He was eventually terminated for failure to comply with the Appellee’s conditions. A.T.E. # H-I. The Appellee notified both employees of their terminations prior to their effective dates. A.T.E. # E, H. The Appellants did not request a hearing nor did the Appellee hold one prior to or after the termination. Trial Tape 5-6 (3/6/03).
The Appellants originally filed suit against the Appellee seeking compensatory and punitive damages for the following causes of action: (1) that the Appellee violated their rights to due process under the Indian Civil Rights Act (“ICRA”) by failing to afford them grievance hearings prior to terminating their employment and (2) that the Appellee violated the PPPM by failing to impose the correct disciplinary penalty for the Appellants’ alleged misconduct and by failing to allow the Appellants the right to pursue grievance procedures under the PPPM.[4] Trial Order March 10, 2003 (T.O.) at 1-2. The Appel-lee counterclaimed against the Appellants alleging the following causes of action: (1) that the Appellants breached the terms of their employment by engaging in conduct contrary to the PPPM, (2) theft of YWLPK Community funds, and (3) mismanagement of YWLPK Community funds.[5] T.O. at 2-3. The Appellee counterclaimed an additional cause of action against Brian Laban only for libel and slander of the YWLPK community.[6] T.O. at 3.
The Appellee moved to dismiss the Appellants’ original complaint for lack of subject matter jurisdiction, asserting that the Appellee enjoys sovereign immunity from suit. The trial court denied the Appellee’s motion to dismiss and granted the Appellants leave to file an amended complaint. Court Ruling 1/3/03 at 1. In their amended complaint, the Appellants changed their relief sought from compensatory and punitive damages to injunctive relief, namely, *458 an order for the Appellee to hold a hearing on the Appellants’ termination. First Amended Complaint at 2; Second Amended Complaint at 2.
The Appellants filed a pre-trial motion to disqualify the Appellee’s counsel, Mr. Michael E. Day, in order to call him as a witness given his role as investigator of the underlying sexual harassment complaint. Appellants’ Brief (A.B.) at 2. The Appellants alleged that Mr. Day conducted the investigation of their alleged sexual harassment, which ultimately led to their termination. Id. As such, they moved to disqualify him in order to question him as a witness regarding his findings from the investigation. Id. The trial court denied the motion finding that Mr. Day was not a “necessary witness” since his testimony would not be relevant or material to a determination of whether the Appellee followed due process requirements and particular provisions of the PPPM. Pre-Trial Order 10/10/02 (P.T.O.) at 5.
A jury trial was held on March 5-7, 2003 on the remaining causes of action: the Appellants’ due process violation claim and the Appellee’s breach of contract counterclaim. T.O. at 3. During trial, the judge called several sidebars including one during the Appellee’s case-in-chief where he informed Appellee’s counsel that had not proved his case.[7] A.B. at 3. The trial judge also told counsel how counsel would have to prove his case and if he did not, he would have to find a directed verdict if asked for by Appellants. Id.
Before the close of trial, Appellants made a verbal request for the trial court to give the jury a general due process jury instruction, which the trial court denied.[8] A.B. at 5. The trial court’s response to the Appellants’ request wras, “ ‘No, I am not going to do your job, if you -wanted that instruction you should have prepared one.’ ” Id.
Jury verdicts wTere rendered in favor of the Appellee on the Appellants’ claim of due process violation under ICRA and the Appellee’s counterclaim that Appellants breached their employment contract. T.O. at 3. The jury declined to award damages to the Appellee for the Appellants’ breach of contract. Id. The Appellants filed a Motion for Judgment Notwithstanding the Verdict (JNOV) on the ground that the jury was not properly instructed about due process under ICRA. The motion was denied on March 26, 2003.
On April 8, 2003, the Appellants filed a Notice of Appeal of the trial court’s denial of the JNOV motion on the grounds that the jury was improperly instructed on the ICRA, that the Appellants’ confrontation clause rights were violated when their Motion to Disqualify Defense Counsel was denied, and that the trial court exhibited judicial bias in favor of the Appellee. A.B. at 1.
The Appellate Court has subject matter jurisdiction in this case because the trial court’s March 26, 2003 order denying the Appellants’ JNOV motion is a final order under Hopi Tribal Ordinance (H.T.O.) 21, § 1.2.5. The Appellants have also timely filed their notice of appeal from the trial court’s order.

ISSUES PRESENTED ON APPEAL

This Court must decide the following issues: (1) whether the trial court erred in *459 failing to give the jury a due process jury instruction, (2) whether the Appellants’ confrontation clause rights were violated when their request to call defense counsel as a witness was denied, and (3) whether the trial court exhibited judicial bias against the Appellants.

DISCUSSION

I. Jury Instruction Error
The Appellants argue it was reversible error for the trial court to deny their request for a jury instruction on the due process clause of the IGRA. A failure to submit a proper jury instruction is a question of law reviewable de novo, but an error in instructing the jury in a civil case does not require reversal if it is more probable than not harmless. Benigni v. City of Hemet, 879 F.2d 473, 479 (9th Cir.1989).
Rule 22(a) of the Hopi Indian Rules of Civil and Criminal Procedure (H.I.R.C.C.P.) provides:
At the close of the evidence or at such earlier time as the Court may direct, any party may file written requested instructions for the court to give the jury. The court shall inform the parties or their counsel of the instructions it intends to give and hear argument thereon out of the hearing of the jury.
H.T.O. 21, § 2.10.8 similarly provides: “counsel for each party may file with the Trial Court judge written instructions on the law which the party requests the judge to deliver to the jury.” The plain language of Rule 22(a) and H.T.O. 21, § 2.10.8 permits a party to file those written instructions it desires the court to give. Here, the Appellants did not propose or submit a written due process jury instruction. Rather their counsel allegedly made a verbal request that the trial court instruct the jury on “due process”.[9] A.B. at 5.
 Appellants argue that the word “may” in Rule 22(a) is permissive and therefore, it does not compel a party to submit written instructions to the court. This rationale is unpersuasive. A party bringing litigation has a responsibility to advance legal arguments and theories to support their claim. See Browne v. Cassidy, 46 Wash.App. 267, 728 P.2d 1388 (1986). Here, Appellants brought a broad claim charging Appellees with a violation of due process under the Indian Civil Rights Act. Appellants, therefore, were responsible for advancing a theory (or theories) to prove they had a due process right and such right(s) were violated. A due process claim requires the claimant to prove the following elements: (1) a property or liberty interest in employment, (2) the government’s deprivation of that interest, and (3) a lack of required process. Ulrich v. City & Co. of San Francisco, 308 F.3d 968, 974 (9th Cir.2002). Here, it was beyond the court’s duty to determine the Appellants’ theory (or theories). Therefore, it was incumbent on Appellants to propose specific instruction on their theory of the case. To do otherwise places a trial court in the untenable position of second guessing a party’s theory of the case.
Alternatively, the Appellants argue that Rule 22(a) mandated the trial court to issue a “general” due process jury instruction sun spovte. The phrase “the court shall inform the parties” mandates the trial court to inform the parties of *460 which requested instructions it has approved for the jury. It does not require a trial court to craft an instruction for any party on their theory of the case. Indeed “in a civil case, each of the parties must propose complete and comprehensive -instructions in accordance with his theory of the litigation; if the parties do not do so, the court has no duty to instruct on its own motion.” Agarwal v. Johnson, 25 Cal.3d 932, 160 Cal.Rptr. 141, 603 P.2d 58, 69 (1979).
Assuming arguendo that a verbal request is permissible under Rule 22(a) or H.T.O. 21, the Appellants provide no sufficient legal authority to support their claim of reversible error. Their principal argument, relying on Curtis v. Okla. City Pub. Sch. Bd. of Educ.,[10] is that “it is reversible error to fail to give a requested jury instruction when the record reflects that evidence warranting that instruction was presented in the case-in-chief by the party requesting it.” A.B. at 2-3. The Curtis instruction stated: “the due process clause requires that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.” 147 F.3d at 1219. Curtis suggests that when evidence has been introduced on an issue not before the jury, but that might nonetheless create jury confusion, it is not an abuse of discretion for a trial court to give an instruction in order to clarify such confusion. It would be overreaching to suggest that Curtis stands for more than this. .
In addition to Rule 22(a), the Appellants rely on criminal cases for their proposition. Their reliance is misplaced because criminal cases implicate a different set of considerations from civil actions, namely a criminal defendant’s right to adequate instructions on his theory of defense so long as it has some foundation in the evidence. See e.g., Conde v. Henry, 198 F.3d 734, 739 (9th Cir.2000). This legal principle is inapplicable to civil plaintiffs. Rather, the Appellants were required to prove they had (1) a property or liberty interest in employment, (2) that they were deprived of that interest, and (3) a lack of required process. Ulrich, 308 F.3d at 974. It is well-established that a party is entitled to have a jury instruction on its theory of the case only if such theory is supported by competent evidence and a proper request for the instruction is made. Short v. Spring Creek Ranch, Inc., 731 P.2d 1195, 1199 (Wyo.1987); Gordon v. Benson, 925 P.2d 775, 777-78 (Colo.1996); see also Timmons v. Royal Globe Ins. Co., 653 P.2d 907 (Okl.1982). The Appellants provided no evidence of having either a property or liberty interest. Therefore, without advancing their theory of the case, the trial court was not obliged to issue sua. sponte a jury instruction on due process.
The Appellants have not argued, much less demonstrated, that the trial court’s failure to give a due process instruction was prejudicial. We find that the trial court did not abuse its discretion because the Appellants introduced no evidence of holding a property or liberty interest entitling them to due process protection.
II. Confrontation Clause Violation
The Appellants claim violations of their confrontation clause rights resulting from the trial court’s denial of their pretrial request to disqualify opposing counsel, Mr. Day, in order to call him as a witness. They cite no legal authority to support their claim. Their arguments are largely conclusory or unintelligible, even with the broadest interpretation. To the *461 extent their arguments can be discerned, those arguments have no merit.
The trial court denied the Appellants’ motion to disqualify defense counsel on the grounds that counsel was not a “necessary witness” under Ethical Rule 3.7 of the American Bar Association Model Rules of Professional Conduct, given that his testimony would be irrelevant or immaterial to the determination of the elements of the Appellants’ due process claim. P.T.O. at 5. Hopi law makes clear that in the absence of Hopi law, the trial court may resort to federal and state law only when that foreign law is not inconsistent with the spirit of Hopi law, custom, traditions or culture. Village of Mishongnovi v. Humeyestewa, 1 Am. Tribal Law 295, 297-99, 1998 WL 35281676, *2-3 (1998). The trial court properly applied Arizona case law as this issue was a case of first impression for the trial courts. The governing principle in Security General Life Insurance Co. v. Superior Court is that “a motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated and that the evidence is unobtainable elsewhere.” 149 Ariz. 332, 718 P.2d 985, 988 (1986). “A party’s mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.” Id.
Here, the Appellants sought to disqualify Mr. Day simply to call him as a witness. It was Appellants’ responsibility to demonstrate to the court how Mr. Day was a necessary witness and how his testimony was unobtainable elsewhere. Security General Life Insurance Co., 718 P.2d at 988. They introduced no evidence or argument showing how counsel’s testimony was necessary to their claim that the Board violated Appellants’ due process and that no other witnesses (individual Board members) could provide the testimony sought. Furthermore, counsel’s testimony about his investigation of the sexual harassment was not the subject of the litigation, whether the Appellants were afforded or denied due process by the Board.[11] Therefore, the trial court properly denied the Appellants’ motion to disqualify opposing counsel.
III. Judicial Bias
The Appellants contend the trial court exhibited judicial bias in favor of the Appellee. We do not agree. It is well-established Hopi law that the trial courts must hear and resolve cases in a fair and impartial manner. Lomakema v. Hopi Tribe, 99AC000011, 2 Am. Tribal Law 351, 352-33, 2000 WL 35734272 *1 (2000); Martin v. Hope Tribe, AP-004-95 (1996) at 2; H.T.O 21, ⅜ §.8.2. A Hopi Tribal Judge should be recused where there is a conflict of interest or even where a suspicion of bias in a reasonable person might be created. Matiin, at 3.
The Appellants’ motion to disqualify Chief Judge LaRance earlier in this ease was denied by Judge Leslie. Order 10/15/02 at 2. Thus, as the sole evidence of bias, the Appellants argue the following:
The Trial Judge callfed] a sidebar [during] the case-in-chief of the Respondents and prior to Counsel ... resting his case, and [told] the Respondents’ Counsel, in essence, he has not proved his case and how he needed to do it, or he would have [to] find a ‘directed verdict’ if asked for [by] the Plaintiffs.
A.B. at 3.
Assuming Appellants’ argument is factually correct, Appellee’s counsel argues that *462 he was not finished with his witness and intended to introduce the PPPM at the end of his witnesses’ testimony. In other words, Appellee’s counsel states that the court’s statement had little, if any, effect on how he intended to proceed with his case. Interestingly, Appellant similarly argues that they intended to move for a directed verdict at the end of trial prior to the court mentioning this alternative.
As with its confrontation clause claim, the Appellants provide no legal authority to support how this incident rises to the level of judicial bias and only proffers argument.[12] Therefore, without any legal authority and analysis of what constitutes judicial bias, the Appellants’ claim has no merit,

ORDER OF THE COURT

For the foregoing reasons, we hereby affirm the March 26, 2003 Order of the trial court denying Appellant’s Motion for Judgment Notwithstanding the Verdict.
IT IS SO ORDERED.

. The Appellee adopted the PPPM on September 18, 2000 pursuant to Article 6, Section 3 of the Community Charter for YWLPK. Complaint at 4; Answer at 3.

. Specific findings were made that Joseph Laban created a hostile work environment that was intimidating, abusive and offensive for a female employee when he addressed her in an offensive manner, made gestures for her to sit on his lap, and told sex related jokes in the office. A.T.E. # E.

. Suspension period was September 17, 2001 to March 17, 2002.

. Appellants withdrew this cause of action (that the Board violated the PPPM) at the conclusion of their case in chief. T.O. at 1-2 n. 1-4.

. The Appellee moved to dismiss without prejudice the Theft of Funds and Mismanagement of Funds causes of actions when a crucial defense witness could not appear in court due to medical reasons. T.O. at 2-3 n. 5-8. Appellants did not object and the trial court granted the motion. Id.

.The trial court granted the Appellants’ motion for directed verdict on the Libel and Slander cause of action on the grounds that the Appellee had failed to offer any evidence on the elements that (1) the libelous business card had been published and seen by a third party and (2) the amount of any damages suffered as a result of the libelous conduct. T.O. at 3 n. 9.

. The Court's review of the transcript reveals that sidebars were called, but the comments made in those sidebars were inaudible. Therefore, the Court relies on the Appellants' characterization of these (acts as stated in their brief.

. The Court's review of the transcript reveals that the portion of the trial when counsel made the verbal request is inaudible. Therefore, the Court relies on the Appellants' characterization ol these facts as stated in their brief.

. The Appellants' brief indicates that "counsel requested the Court to give a ‘due process' instruction, but the Court response (sic| was . .. ‘No, I am not going to do your job, if you wanted that instruction you should have prepared one.' " A.B. at 5. The Court's review of the transcript reveals that the portion of the trial when Appellants' counsel made the verbal request was inaudible.

. 147 F.3d 1200 (10th Cir.1998).

. Arguably testimony about the investigation would be relevant only to the extent it explains the cause of the Appellants’ termination.

. Appellants' brief so much as states it: will not "overload" this Court with law or citation to support its claim. Such practice undermines the purpose of a legal brief. See A.B. at 6 line 1.