Eugene E. STOCKING, Sr. and Shirley
Stocking, Relators,

v.

The Honorable Fred BIERY,
Respondent.

No. 04-84-00378-CV.

Court of Appeals of Texas,
San Antonio.

Sept. 26, 1984.

Donald Ferguson, Gardner, Ferguson, Sommers & Dorr, San Antonio, for relators.

Donald R. Taylor, Janice L. Jenning, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for respondent.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## ON RELATORS' APPLICATION FOR WRIT OF MANDAMUS

BUTTS, Justice.

Eugene E. Stocking, Sr. and Shirley Stocking, Relators, seek issuance of a writ of mandamus compelling District Court Judge Fred Biery, Respondent, to order the disqualification of the law firm of Akin, Gump, Strauss, Hauer & Feld in a lawsuit presently pending in that court.

In the underlying suit, O.W. Maxey, Sr. and Acme Steel Fabricators, Inc., seek recovery of $70,027.00 allegedly paid by the Stockings to themselves as salaries and retirement benefits in excess of the amount agreed upon by the parties. Maxey and Stocking each owned fifty percent of the stock in Acme Steel. Maxey and the Stockings were all officers of the corporation. Relations between the parties apparently deteriorated. Stocking offered to buy Maxey's stock in the corporation or to sell his own stock to Maxey. Maxey, after agreeing to buy Stocking's interest, employed accountants and the law firm of Akin, Gump, Strauss, Hauer & Feld to assist him in the stock purchase. An agreement was reached and the parties signed a buy-sell agreement. It was subsequent to the completion of the contract that Maxey brought suit to recover the salaries and retirement benefits he contends were overpaid to the Stockings and not disclosed to him prior to entering into the buy-sell agreement.

The Stockings moved for the Akin law firm voluntarily to disqualify itself or be disqualified by the trial court, alleging that certain testimony of Cecil Schenker, the Akin attorney during negotiations and trial, would be required. The testimony would be pertinent to negotiation and sale, representations made by the attorneys, the

intent of the parties, the corporate records, and other facts concerning the transactions in order to present the Stockings' defense. The trial court reviewed the pleadings and deposition testimony of Schenker and Donald Ferguson (attorney for the Stockings) and denied the motion for disqualification.

■ The Stockings seek relief pursuant to TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon Supp.1984), which authorizes this court to "issue all writs of Mandamus agreeable to the principles of law regulating such writs, against any Judge of a District or County Court." Mandamus will not issue when the acts complained of are discretionary with the trial court unless the record clearly indicates the trial court abused its discretion. *State v. Sewell*, 487 S.W.2d 716 (Tex.1972); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); *United Pacific Insurance Co. v. Zardenetta*, 661 S.W.2d 244 (Tex.App.—San Antonio 1983, no writ).

■ Disciplinary Rule 5–102 provides generally that if "a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client" he and his firm shall withdraw from the conduct of the trial unless he meets one of the exceptions in DR 5–101(B)(1)–(4);[1] and, further, that if he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue representing him "until it is apparent that his testimony is or may be prejudicial to his client." RULES GOVERNING THE STATE BAR OF TEXAS art. 12, § 8, DR 5–102 (1973) [hereinafter cited as TEXAS CODE OF PROFESSIONAL RESPONSIBILITY]. The mere announcement by the movant that he intends to call opposing counsel as a witness is insufficient to demand disqualification. *United Pacific Insurance Co. v. Zardenet-*

*ta, supra.* The testimony to be elicited from the attorney should be material to the movant's defense as well as prejudicial to the interests of the attorney's client before disqualification is required. *Freeman v. Kulicke & Soffa Industries, Inc.,* 449 F.Supp. 974 (E.D.Penn.1978).

■ The rules of civil procedure apply in a mandamus proceeding. *Vondy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104 (Tex.1981); *Uvalde Rock Asphalt Co. v. Loughridge,* 425 S.W.2d 818 (Tex.1968). We cannot base our judgment on evidence outside the record. *Sabine Offshore Service, Inc. v. City of Port Arthur,* 595 S.W.2d 840 (Tex.1979). The record on appeal shall consist of the transcript and, when necessary, a statement of facts. TEX.R.CIV.P. 371. The transcript shall be prepared under the seal of the court (TEX.R.CIV.P. 376) and the statement of facts shall be certified by the court reporter (TEX.R.CIV.P. 377(f)). The petition for mandamus "shall be accompanied by a certified or sworn copy of the order complained of and other relevant exhibits." TEX.R.CIV.P. 383(1)(4). The Stockings submitted to this court a certified copy of the trial court's order denying their motion. They also submitted uncertified copies of the plaintiffs' first amended original petition, defendants' first amended original answer and cross-claim, request for disqualification of the law firm, and photocopied portions of two depositions. No transcript was filed. Apparently, no statement of facts is available from the hearing.[2] The record instruments, other than the order, as tendered to this court do not meet the preceding requirements and are not properly before us. In the absence of a record other than the order, we must presume the trial court had sufficient evidence before it to support the judgment. *Temple v. Dull,*

---

1. The exceptions set out in TEXAS CODE OF PROFESSIONAL RESPONSIBILITY, DR 5–101(B) are when the testimony will relate solely to (1) an uncontested matter; (2) a matter of formality and there is no reason to believe substantial evidence will be offered to contradict it; (3) the nature and value of legal services; and (4) if refusal would work a substantial hardship

on the client due to the distinctive value of the lawyer or his firm in the particular case.

2. During appellate argument, the attorney for the Stockings stated the hearing was held in the judge's chambers and no court reporter was present or requested.

640 S.W.2d 639 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Redman v. Bennett,* 401 S.W.2d 891 (Tex.Civ.App.—Tyler 1966, no writ).

Even if we were to consider the uncertified exhibits contained in the Stockings' brief, we find no evidence that the attorney's testimony would be prejudicial to his clients' interests.

In light of the foregoing pronouncements, we find that the trial court did not abuse its discretion in refusing to order the disqualification of the law firm of Akin, Gump, Strauss, Hauer & Feld.

Our holding today is supported only by the matters before this court. Should it become apparent during the course of the trial that the attorneys' continued representation of their clients actually falls within the prohibition of TEXAS CODE OF PROFESSIONAL RESPONSIBILITY, DR 5–102(A) or (B), a duty is imposed upon them to withdraw voluntarily as trial counsel. Under appropriate circumstances the trial court with its vested broad discretion should not hesitate to order withdrawal. *United Pacific Insurance Co. v. Zardenetta, supra.*

The application for writ of mandamus is denied.