718 P.2d 985

**SECURITY GENERAL LIFE INSURANCE COMPANY,** Petitioner,

v.

**SUPERIOR COURT in and for The COUNTY OF YUMA; Hon. B.L. Helm, a Judge thereof; and Gordon TALLENT, Real Party in Interest, Respondent.**

No. 18453–SA.

Supreme Court of Arizona,
En Banc.

Jan. 24, 1986.

William R. Jones, Georgia A. Staton, Jones, Skelton & Hochuli, Phoenix, for petitioner.

Brian E. Smith, Brian E. Smith, Ltd., Yuma, for respondent.

FELDMAN, Justice

By this special action petitioner challenges a trial judge's order disqualifying its chosen counsel and his law firm from representation. The order was issued on the motion of an adverse party which claimed it intended to call petitioner's counsel as a witness at the trial.

## FACTS

Petitioner (Security General) issued two policies providing hospitalization coverage to respondent (Tallent). Tallent's wife was hospitalized prior to her death and Tallent presented a claim for the hospital bills incurred. Security General interpreted its policy as providing lesser coverage and refused to pay certain bills. Tallent brought an action seeking damages for Security General's alleged breach of contract, bad faith failure to pay the claims, fraud and racketeering. Security General filed its answer in August 1984, appearing by Ms. Suzanne Kinney of the Jones, Skelton & Hochuli law firm. Ms. Kinney remained as the lawyer responsible for the Security General file until she left the law firm in July of 1985. At that time, Security General asked the firm to assign Mr. J. Michael Low to the case. Before joining the firm in June of 1985 Mr. Low had at different times served as Director of both the Departments of Insurance and Administration of the State of Arizona.

Before Low's assignment as counsel for Security General Tallent had indicated his intention to call a Mr. Zielinski, an employee of the Department of Insurance, to testify as an expert witness with respect to those records of the Department which Tallent planned to offer in evidence at the trial.

Tallent's case was scheduled for trial in February of 1986. On September 19, 1985, shortly after Mr. Low appeared as counsel, Tallent filed a motion to disqualify both Low and the Jones firm from representation of Security General. It was alleged that Low was needed to testify about the insurance department's investigations into various Security General practices. These investigations had been made by the Department during Low's tenure as Director. Tallent also claimed that it would be harmful to Security General for Mr. Low to continue as its advocate in the case. We give no credence to the latter argument. It is Security General's privilege to decide whether retaining Mr. Low is to its benefit without seeking Tallent's advice on the matter.

Tallent also alleged that Mr. Low was a necessary ("number one") expert witness and that it was unaware of any other person "that would be able to testify in the same substance as J. Michael Low." Tallent did not specify what expert testimony Low might offer that was unobtainable elsewhere. He gave *no* reason for moving to disqualify the entire Jones law firm. No allegation was made in the trial court and none is made here that either Mr. Low or the Jones firm had a conflict of interest or that Low's former position had given him any specific or confidential knowledge of Tallent's claim. Low's affidavit in the trial court avers that although he had signed orders relating to Security General while he was Director of the Department of Insurance, he had no personal knowledge of any allegation relating to the conduct of that company. He avers that other individuals within the department had carried on the investigations of Security General and that he had merely signed orders presented to him by his staff. The motion for disqualification was argued to the respondent trial judge and granted without explanation, thus disqualifying both Mr. Low and the Jones law firm from representation of Security General.

## JURISDICTION

Security General filed this Special Action (*see* Rule 4, R.Proc.Spec.Act., 17A A.R.S.) alleging that the trial judge abused his discretion by granting the motion to disqualify. In Arizona relief formerly granted by the writs of prohibition, mandamus or certiorari is now granted through special action proceedings. *See id.*, Rule 1.

The disqualification order is not a final order and is therefore not appealable. *See Matter of Appeal in Pima County Juvenile Action No. S–993*, 135 Ariz. 278, 280, 660 P.2d 1205, 1207 (1982); A.R.S. § 12–2102; Rules 1 and 2(d), Ariz.R.Civ.App. Proc., 17A A.R.S. Because it appears that the trial judge did abuse his discretion or exceed his authority, and there is no plain,

speedy and adequate remedy available by appeal, we have accepted jurisdiction pursuant to Rules 1(a) and 3(c) R.Proc.Spec. Act. and Ariz. Const. art. 6, § 5(1).

## THE PROPRIETY OF THE DISQUALIFICATION ORDER

We must first dispose of two issues that appear not to have been raised before the respondent trial judge. The motion made in the trial court was based solely upon the provisions of Ethical Rule 3.7, part of Rule 42, Rules of the Supreme Court, 17A A.R.S., adopted by order of the Supreme Court dated September 7, 1984 and effective February 1, 1985. Tallent now argues that the order of disqualification can also be supported under Ethical Rules 1.11 and 1.12. Even if these rules had been raised in support of respondent's position in the trial court, we believe neither one is applicable to the case before us.

■ Ethical Rule 1.11 provides for disqualification when the lawyer undertakes to "represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee...." This rule is intended to prevent conflicts of interest that arise in the "revolving door" between government and private practice. G. HAZARD and W. HODES, THE LAW OF LAWYERING: HANDBOOK ON THE MODEL RULES OF PROFESSIONAL CONDUCT 205 (1985). It is usually applicable in the situation in which the agency is a party to the action or in which confidential agency information will be used for the benefit of the private client and to discourage government attorneys from acting in a fashion which helps to secure them private employment. *Id.* at 206–209; *see generally*, Morgan, *Appropriate Limits on Participation by a Former Agency Official in Matters Before an Agency*, 1980 DUKE L.J. 1. None of these policies is implicated in the present case. However, as a threshold, in order for the judge to consider disqualification the rule requires a showing of both "substantial" and "personal"

participation. Matters involving Security General were before Low's department during his term as director, but there is no evidence that he ever "participated personally and substantially" in them. The level of involvement required to trigger consideration of the rule is that at the least Low must have been aware of the details of the investigation and have had some hand in its resolution and day to day progress. A "matter" is the same lawsuit or litigation, while "substantial responsibility" requires the official to become personally involved to a material degree in the investigative or deliberative process regarding the transactions in question. ABA Formal Opinion 342 (1975); G. HAZARD and W. HODES at 206 (ER 1.11 incorporated formal opinion 342). On the contrary, the evidence shows that Low did no more than sign orders put before him by his staff.

■ Ethical Rule 1.12 is inapplicable for similar reasons. It forbids a lawyer from representing "anyone in connection with the matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer [or] arbitrator...." There is no evidence that Mr. Low acted in such a capacity regarding any matter between Tallent or Security General, or with regard to other matters involving Security General. There is no evidence, in fact, that Low had any personal or substantial involvement in any matter involving Security General while he was with the Department of Insurance.

■ Tallent's main argument in support of the disqualification order is that ER 3.7, *supra,* which has replaced former Disciplinary Rule 5–102 (Rule 29, Rules of the Supreme Court, 17A A.R.S.), requires disqualification. The current rule provides in relevant part:

Lawyer as witness

(a) A lawyer shall not act as advocate at a trial in which the lawyer *is likely to be a necessary witness* except where:

   (1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

ER 3.7, Rule 42, Rules of Supreme Court, *supra* (emphasis supplied).

The official comment to the rule indicates that a party can easily be prejudiced when opposing counsel acts as both advocate and witness. Thus, courts have recognized that a party may object when his opponent's counsel desires to serve in the dual capacity of advocate and witness. *Id.*, comment. On the other hand, it has also been long recognized that because every litigant has the *right* to the counsel of its choice a party should not be allowed to disqualify opposing counsel for mere strategic or tactical reasons. *See Cottonwood Estates, Inc. v. Paradise Builders Inc.*, 128 Ariz. 99, 104–105, 624 P.2d 296, 301–302 (1981). *See also Kendall v. Atkins*, 374 Mass. 320, 372 N.E.2d 764, 767 (1978); *Freeman v. Kulicke & Soffa Industries, Inc.*, 449 F.Supp. 974, 977 (E.D.Pa.1978), *aff'd*, 591 F.2d 1334 (3rd Cir.1979).

We also acknowledge, of course, that the rules do permit a party to call adverse counsel as a witness and therefore there are times when counsel must be disqualified because an adverse party intends to call him as a witness. *See Freeman v. Kulicke, supra.* We believe, however, that the obvious dangers inherent in such a practice and the importance of the right to have the counsel of one's choice require careful scrutiny of the facts before such a result is permitted. *Cottonwood Estates, supra.*

■ We believe that the new ethical rules establish standards that will protect the rights of a party to counsel of his choice and prevent abusive disqualification of counsel by an opponent. Ethical Rule 3.7 requires that a lawyer-witness may be disqualified only if he is a "necessary witness." Even if he is a necessary witness,

there are three enumerated exceptions to disqualification. *See also* HAZARD and HODES at 405. Although two of those exceptions have been raised in this case, we think it unnecessary to consider them because respondent has not shown the *sine qua non* for disqualification under ER 3.7 —that Low is a *necessary* witness. A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony. *Stocking v. Biery*, 677 S.W.2d 792, 794 (Tex.App.1984). We think that the governing principle is as follows:

> When an attorney is to be called other than on behalf of his client, a motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated [and], that the evidence is unobtainable elsewhere, . . . ."

*Cottonwood Estates v. Paradise Builders*, 128 Ariz. at 105, 624 P.2d at 302.[1] Thus there is a dual test for "necessity." First the proposed testimony must be relevant and material. Then it must also be unobtainable elsewhere. Assuming, *arguendo*, that Low's testimony would be relevant and material, Tallent failed to show that it could not be obtained from other witnesses. Low had no personal knowledge of any matter relating to either Tallent or Security General. Low's affidavit contains an averment that "the only purpose to which he could testify as a witness in this matter is the fact that the Department did issue certain orders over his signature relating to Security General Life Insurance Company." Certainly such testimony was obtainable from a host of departmental employees, past and present.

Nor are we impressed by Tallent's conclusory assertions that Low's expert knowledge and testimony with regard to insurance matters cannot be duplicated by any other person. Since Low has no personal knowledge as to Security General's busi-

---

**1.** *Cottonwood Estates* was decided under DR 5–102. *See,* p. 987, *supra.* We believe that ER 3.7 requires an even more specific showing of necessity.

ness practices we must assume that the only "necessity" is Tallent's statement that Low is *the person* whose name and stature as Director of Insurance in Arizona would be persuasive in establishing and proving plaintiff's case." (original emphasis) No doubt Low would be an impressive expert witness. However, there is no averment that Low has agreed to act as plaintiff's expert witness and the facts certainly warrant the conclusion that he would not. Furthermore, there is no averment regarding what opinions Low might hold that would be favorable to Tallent, necessary to his case and unobtainable elsewhere. Tallent does not allege that he has attempted to contact others who might act as expert witnesses and found them lacking in knowledge in the relevant area of insurance. Nor has he alleged any effort to find other past or present employees of the Department of Insurance who might be well versed in the investigatory procedures of the department and similar matters.

We conclude, therefore, that Tallent failed to make any evidentiary showing that Low was a necessary witness. Therefore ER 3.7 cannot be used to disqualify him. Since he cannot be disqualified, neither can the Jones firm.[2] This is not a case in which the trial judge was required to balance conflicting values or evidence so that we must defer to his discretion. It is a case in which there was no evidence to support the disqualification order. That order, therefore, was in excess of the judge's authority and was an abuse of discretion. *See State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 (1983).

The trial court's order of October 7, 1985, disqualifying Mr. Low and the law firm of Jones, Skelton & Hochuli is vacated. The case is remanded for further proceedings not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

2. Although the issue is not before us due to the disposition of the case, we note that ER 3.7(b) specifically contemplates that a law firm will continue to represent a client even when an attorney is called as a witness unless a conflict of interest exists under ER 1.7 or 1.9, or disqualification is appropriate for some other reason.