**EBERLE DESIGN, INC.;  and Electronic Devices, Inc., Plaintiff/Counterdefendant,**

v.

**RENO A & E,
Defendant/Counterclaimant.**

Nos.  CV–02–2575–PHX–DGC,
CV–03–0833–PHX–DGC.

United States District Court,
D. Arizona.

Feb. 8, 2005.

Michael K Kelly, Esq, Daniel R. Pote, Snell & Wilmer LLP, Phoenix, AZ, Henry C. Bunsow, Howrey Simon Arnold & White LLP, San Francisco, CA, for Plaintiff and Defendant.

Lawrence GD Scarborough, Esq, George Chun Chen, Bryan Cave LLP, Phoenix, AZ, Michael D. Rounds, Skinner Watson & Rounds PC, Reno, NV, for Defendant.

### ORDER

CAMPBELL, District Judge.

The law firm of Snell & Wilmer represents Plaintiff Eberle Design, Inc. and Counterdefendant Electronic Devices, Inc. (collectively "Eberle") in this case. The Phoenix office of Bryan Cave LLP acts as local counsel for Defendant/Counterclaimant Reno A & E. Allan Watts, an attorney employed as an associate at Snell & Wilmer from May 17, 2000 to January 31, 2005, has accepted a position with Bryan Cave and is scheduled to start work there this week. Because Mr. Watts worked briefly on this case while at Snell & Wilmer and received sensitive information concerning Eberle's litigation strategy, Eberle asserts that Bryan Cave will be disqualified from acting as local counsel for Reno if Mr. Watts joins the firm.

On February 1, 2005, the Court held a telephone conference with the parties concerning this potential disqualification issue. (Doc. # 158). Because the Court will be called upon to decide any disqualification motion that is filed as a result of this development and because Bryan Cave has sought the Court's guidance before Mr. Watts joins the firm this week, the Court directed each party to a file a memorandum setting forth its position. The Court also invited Eberle to submit sensitive information *in camera* concerning the extent of Mr. Watts' involvement in this case. On the basis of the parties' memoranda and Eberle's *in camera* submission, the Court concludes that Bryan Case will not be disqualified from representing Reno in this case when Mr. Watts joins the firm, provided Bryan Cave complies with the requirements of ER 1.10(d) of the Arizona Rules of Professional Conduct, which apply in this Court. *See* LRCiv 83.2(d).

### Factual Background

The Court will recite basic facts contained in the parties' memoranda and the Court's file. The Court has considered Eberle's *in camera* submission in connection with this Order, but obviously will not

recite any of the facts presented in that submission.

Eberle commenced this action by filing a complaint on December 20, 2002. (Doc. # 1). Factual discovery occurred until December 12, 2003. (Doc. # 57). A *Markman* hearing was held on February 27, 2004. (Doc. # 79; *see Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir.1995)). Eberle's motion for partial summary judgment regarding patent invalidity and unenforceability was briefed from May 24 to July 28, 2004. (Docs. ## 98, 100, 112). After oral argument was heard on October 22, 2004, the Court denied the motion on October 28, 2004. (Docs. ## 116–17). The Court thereafter scheduled a pretrial conference for February 4, 2005. (Doc. # 118). In connection with that conference, the Court required the parties to file a proposed pretrial order, proposed jury instructions, proposed voir dire questions, motions in limine, and other materials. The parties completed these filings in early January 2005. (Docs. ## 121–52).

Eberle has been represented by several Snell & Wilmer attorneys in this case. Briefs filed with the court have identified Charles F. Hauff, Jr., Douglas W. Seitz, Michael Kelly, and Daniel R. Pote. Each of these attorneys attended the pretrial conference on February 4, 2005, and most have attended other hearings in this case. Mr. Hauff has acted as lead counsel in hearings, with Mr. Pote also playing a substantial role.

Eberle's memorandum states that Mr. Watts worked on this case from November 22 to December 1, 2004. His sole task was to draft proposed voir dire questions. He billed a total of 9.2 hours in four time entries. While drafting the voir dire questions, Mr. Watts met with attorneys Hauff and Pote. Their discussions included trial strategy, the relative strengths and weaknesses of Eberle's case, and other sensitive matters.

### Applicable Ethical Rules

Former ER 1.10 provided that a law firm would be automatically disqualified from a matter if the firm hired a lawyer who was personally disqualified from the matter, unless the disqualified lawyer's conflict was consented to or waived by the lawyer's former client. ER 1.10(b), (d) (1988); *see, e.g., Towne Dev. of Chandler, Inc. v. Superior Ct.,* 173 Ariz. 364, 842 P.2d 1377, 1381 (1992) ("The language of ER 1.10 is absolute. When ... the moving lawyer has acquired protected information, the rule admits waiver or consent as the only exception to imputed disqualification of the receiving firm."). Arizona amended ER 1.10 in 2003. Arizona's amendment is unique and was not taken from ABA proposals or rules adopted in other states. Current ER 1.10(d) provides

> When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under ER 1.9 unless: (1) the matter does not involve a proceeding before a tribunal in which the personally disqualified lawyer had a substantial role; (2) the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and (3) written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

ER 1.10(d)(1)-(3) (2003). By its terms, this rule applies only when the lawyer joining the new firm is personally disqualified under ER 1.9. That rule provides, in pertinent part

> A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with

which the lawyer formerly was associated had previously represented a client: (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by ERs 1.6 and 1.9(c) that is material to the matter, unless the former client gives informed consent, confirmed in writing.

ER 1.9(b)(1)-(2) (2003).

## Discussion

Mr. Watts would be disqualified by ER 1.9 from representing Reno in this case. Eberle and Reno are materially adverse, Mr. Watts obtained confidential information about Eberle while at Snell & Wilmer, and the Court accepts Eberle's representation that the information was material. *See* ER 1.9(b)(1)-(2).

The issue, then, is whether Mr. Watts played a "substantial role" in Eberle's representation. *See* ER 1.10(d)(1). If he did not, ER 1.10(d) states that Bryan Cave can avoid disqualification by screening him from involvement in the representation of Reno, ensuring that he receives no portion of the fees paid by Reno, and giving Eberle written notice that will enable Eberle to ascertain Reno's compliance with ER 1.10(d). ER 1.10(d)(2)-(3). If Mr. Watts did play a substantial role in Eberle's case, these protections are not available and Bryan Cave can avoid disqualification only if Eberle consents. *See* ER 1.9(b). Eberle has stated that it will not consent.

Eberle argues that the phrase "substantial role" has a qualitative rather than a quantitative meaning—that the sensitivity of the information obtained, rather than the amount of work performed or the amount of responsibility assumed, determines whether a lawyer's role for a former client was "substantial." Reno disagrees, arguing that only lead or near-lead lawyers play a "substantial role" in a client's representation. The parties have identified no Arizona cases construing ER 1.10(d). Because the rule is unique to Arizona, courts in other jurisdictions have not addressed the question.

■ Fortunately, the rules provide the answer. They make clear that a lawyer does not undertake a "substantial role" merely by obtaining confidential and sensitive client information.

A firm is disqualified under ER 1.10 only if the lawyer joining the firm is himself disqualified under ER 1.9. To be disqualified under ER 1.9, the lawyer must have obtained information about the former client that is both confidential (protected by ERs 1.6 and 1.9(c)) and material. ER 1.9(b)(1)-(2).[1] In the absence of such information, the lawyer is not disqualified under ER 1.9 and brings no disqualification to his new firm under the terms of ER 1.10.

Thus, the starting place for an ER 1.10(d) analysis—the presumption—is that the lawyer joining the firm acquired confidential and material information about the former client while at his old firm. The rule then provides that the lawyer's new firm is not disqualified if the lawyer played no substantial role in the former client's

---

**1.** ER 1.6 provides, in pertinent part: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted or required by paragraphs (b), (c) or (d)." ER 1.6(a) (2003). ER 1.9(c) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client." ER 1.9(c)(1)-(2).

representation, provided the requirements of ER 1.10(d)(2) and (3) are complied with by the new firm. If the lawyer did play a substantial role in the former client's representation, an ethical screen will not work. The lawyer's new firm is disqualified from representing the former client's adversary in the same or a substantially related matter absent the former client's consent. *See* ERs 1.9(b), 1.10(d).

The very structure of the rules thus demonstrates that Eberle's argument is incorrect. If acquisition of confidential and material information was sufficient to constitute a "substantial role" within the meaning of ER 1.10(d), then ER 1.10(d) would be meaningless. Because it applies only when lawyers have acquired such information, see ER 1.9(b)(2), every lawyer to which it applies would be deemed to have a substantial role and firms could never avoid disqualification by complying with the requirements of ER 1.10(d)(2) and (3). Those requirements would be mere surplusage.

■ The Court cannot adopt a reading of the rule that renders substantial portions meaningless. Nor can the Court adopt a reading that would return the rule to the automatic disqualification approach that was eliminated in the 2003 amendments. The Court concludes that ER 1.10(d) results in disqualification of the new firm only when the joining lawyer acquired material and confidential information about the former client *and* played a substantial role in the former client's case.

■ The ethical rules state that "'[s]ubstantial' when used in reference to degree or extent denotes a material matter of clear and weighty importance." ER 1.0(*l*) (2003). The word "substantial" in ER

1.10(d) modifies the word "role," suggesting that the lawyer's role in the former client's representation must have been material and weighty. Whether a lawyer played a material and weighty role in the former client's representation will depend on the nature and amount of the work he performed, the responsibility he assumed, the degree to which the client relied on him for managing the case, and similar considerations. *Cf. Sec. Gen. Life Ins. Co. v. Superior Ct.*, 149 Ariz. 332, 718 P.2d 985, 987 (vacating trial court's disqualification order and stating with respect to ER 1.11 that "'substantial responsibility' requires the [lawyer] to become personally involved *to a material degree in the investigative or deliberative process* regarding the transactions in question") (emphasis added).[2]

■ The Court in this instance need not attempt to determine precisely when a lawyer's role becomes "substantial" for purposes of ER 1.10(d). Wherever the line lies, it was not crossed in this case. Mr. Watts recorded a total of 9.2 hours over a nine-day period drafting proposed voir dire questions. He took no part in fact discovery, expert witness preparation or discovery, the *Markman* hearing, summary judgment briefing or argument, or preparation of the proposed pretrial order, motions in limine, or jury instructions. He assumed no client responsibility and, so far as the Court can determine, never communicated with the client or opposing counsel. His name never appeared on a pleading and he never attended a hearing. While it is clear that Mr. Hauff and perhaps others played substantial roles in the representation of Eberle, Mr. Watts did not.

**IT IS ORDERED** that Bryan Cave LLP will not be disqualified from repre-

---

**2.** ER 1.11 addresses "[t]he disqualification of lawyers associated in a firm with former or current government lawyers[.]" ER 1.10(e).

senting Reno A & E when Allan Watts joins the firm, provided Bryan Case complies fully with the requirements of ER 1.10(d)(2) and (3).