NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DANETTE MILLER, *Petitioner/Appellant,*

*v.*

THOMAS ANDREW MILLER, *Respondent/Appellee.*

No. 1 CA-CV 14-0548 FC
FILED 12-17-2015

Appeal from the Superior Court in Maricopa County
No. FC2007-008371
The Honorable Christopher T. Whitten, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Danette Miller, Phoenix
*Petitioner/Appellant*

Thomas A. Miller, Tempe
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill joined.

---

**C A T T A N I**, Judge:

**¶1**          Danette Miller ("Mother") appeals from an order disqualifying her attorney from representing her in ongoing post-divorce-decree litigation.  Although the disqualification order is not appealable, we exercise our discretion to treat the appeal as a special action.  For reasons that follow, we grant relief, vacate the disqualification order, and remand for further proceedings consistent with this decision.

## JURISDICTION

**¶2**          Mother filed a notice of appeal from an order granting Thomas Andrew Miller ("Father")'s motion to disqualify Diane McCulloch from continuing to act as Mother's attorney.  A disqualification order is not a final order and thus is not appealable.  *See Burch & Cracchiolo, P.A. v. Myers*, 237 Ariz. 369, 374, ¶ 13 (App. 2015) (citing *Sec. Gen. Life Ins. Co. v. Superior Court*, 149 Ariz. 332, 333–34 (1986)); *Simms v. Rayes*, 234 Ariz. 47, 48–49, ¶ 1 (App. 2014); *see also* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A).[1]  But because Mother has no plain, speedy, or adequate remedy by appeal, we exercise our discretion to treat this appeal as a special action and we accept jurisdiction.  *See Lloyd v. State Farm Mut. Auto. Ins. Co.*, 189 Ariz. 369, 374–75 (App. 1996); *see also* A.R.S. § 12-120.21(A)(4) (court of appeals may exercise jurisdiction over special action "without regard to its appellate jurisdiction").

## FACTS AND PROCEDURAL BACKGROUND

**¶3**          The parties divorced in 2009.  At a December 2, 2013 hearing to address several issues, including parenting time and attorney's fees, Mother introduced emails from Father's personal email account, which she claimed were relevant to the issue of Father's mental health.  According to Mother, she accessed the emails from a phone she purchased for one of the

---

[1]          Absent material revisions after the relevant date, we cite a statute's current version.

parties' children. Mother saw an email alert on the child's phone and when she clicked on it, she realized Father's personal email account was available on the phone.

**¶4** The parties disputed why Father's email account was available on the child's phone. But Mother admitted that once she realized she could use the phone to access Father's account, she searched through approximately three months of Father's personal emails looking for information she thought would be relevant to the ongoing litigation. Mother forwarded several emails from the phone to herself and then deleted the sent emails so Father would not see what she had done.

**¶5** Three days later, Mother reported the emails to her attorney, McCulloch, for whom Mother worked as a paralegal. Two days after that, McCulloch sent a letter to Father's attorney asserting, among other things, that Father improperly used the child's phone for his personal email. The letter disclosed the emails Mother had forwarded to herself. Father and his attorney did not respond to the letter. Nor did they object when Mother referenced the emails during the December 2, 2013 hearing.

**¶6** Following the hearing, Father filed a motion to disqualify McCulloch based on alleged ethical violations stemming from Mother's actions in viewing his personal emails. The superior court found that McCulloch had violated the Arizona Rules of Professional Conduct, *see generally* Ariz. R. Sup. Ct. 42., and granted the motion to disqualify. Mother timely appealed. As noted above, we treat this appeal as a special action and accept jurisdiction.

## DISCUSSION

**¶7** We review a ruling on a motion to disqualify for an abuse of discretion. *Burch & Cracchiolo*, 237 Ariz. at 374, ¶ 14. Because motions to disqualify "are subject to 'tactical abuse,' and are 'view[ed] with suspicion,' . . . . [t]hey should be granted '[o]nly in extreme circumstances,' and the party seeking disqualification has the burden of proof." *Simms*, 234 Ariz. at 50, ¶ 8 (first and last alterations in original) (citations omitted).

**¶8** The superior court concluded that Mother improperly accessed Father's privileged emails. The court noted that there was no evidence McCulloch, as Mother's supervisor, made any effort to ensure that her paralegal's conduct was "compatible with the professional obligations applicable to a lawyer[]," and that there was no evidence that McCulloch had attempted to prevent or mitigate Mother's misconduct. Finding that such evidence would be available only if McCulloch testified, the court

concluded that under Ethical Rule ("ER") 3.7 of the Arizona Rules of Professional Conduct, McCulloch was required to withdraw.[2] The court further concluded that McCulloch's September 5, 2013 letter ratified Mother's misconduct because the letter "misleadingly characterized the manner in which the messages had been obtained." After finding that McCulloch had violated ERs 3.7 and 5.3, the court disqualified her.[3]

**¶9** The superior court's analysis was flawed because it was premised on the court's incorrect conclusion that Father's emails were privileged. Father's motion to disqualify did not assert that his emails were privileged, and there is no evidence of any such privilege. All except one of the emails at issue related to Father's unsolicited requests for legal services and the prospective attorneys' automated responses or general denials of his requests. This court has held that, in determining whether an attorney–client relationship has been established, the relevant considerations are the nature of the services rendered, the circumstances under which the would-be client disclosed confidential information, the would-be client's belief he was consulting an attorney in that capacity, and his "manifested intention to seek professional legal advice." *Hrudka v. Hrudka*, 186 Ariz. 84, 89 (App. 1995), *superseded in part on other grounds by statute*, A.R.S. § 25-324; *see also Simms*, 234 Ariz. at 50, ¶ 11 (also considering whether the prospective attorney manifested his or her consent to provide legal services); Arizona State Bar Ethics Opinion No. 02-04 (concluding that unsolicited emails seeking legal representation do not create an attorney–client relationship, and noting that there is no expectation of confidentiality if the email does not request that information be kept confidential, does not reveal information not already available to the opposing party, and includes the same information that was sent to several prospective attorneys).

**¶10** Here, Father's unsolicited emails to various attorneys did not ask the attorneys to keep any information confidential, did not disclose information that was not known to the opposing party, and were sent to

---

[2] ER 3.7(a) provides that, subject to certain exceptions, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."

[3] ER 5.3(b) provides that "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer: . . . a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer."

several different attorneys. The attorneys' responsive emails did not provide any actual legal advice or manifest an intent to accept Father as a client. Thus, no attorney–client relationship was formed as a result of these emails, and they were not privileged.

**¶11** The other email at issue, which Father sent to the court-appointed parenting coordinator, likewise did not contain privileged or confidential information; the email simply explained the contentious nature of the case. Thus, none of the emails were privileged.

**¶12** We further note that Father did not establish that McCulloch's actions or inactions prejudiced his case. There was no evidence that McCulloch directed Mother to read Father's emails. And Mother's use of the emails at the hearing did not result in the court modifying Father's parenting time (as Mother had requested) or awarding Mother her requested attorney's fees.[4] Finally, after McCulloch provided notice regarding the emails, Father changed his password to prohibit further access.

**¶13** Because the superior court's order was based on an erroneous legal conclusion that the emails were privileged, and because Father did not establish prejudice stemming from McCulloch's alleged misconduct, we vacate the order disqualifying McCulloch and remand for reconsideration as to whether other sanctions, if any, are appropriate as a result of Mother viewing Father's emails.

**¶14** Both parties request an award of attorney's fees and costs on appeal pursuant to our discretionary authority under A.R.S. § 25-324. Both parties have limited financial resources as evidenced by the fee deferrals granted in this appeal, and we decline to award fees and costs under § 25-324. As the prevailing party, however, Mother is entitled to costs on appeal as a matter of law under A.R.S. § 12-342.

**¶15** In her reply brief, Mother requests sanctions under ARCAP 25, claiming Father made unsubstantiated accusations resulting in a police

---

[4] Mother appealed these rulings. In *Miller v. Miller*, 1 CA-CV 14-0521 FC, 2015 WL 1787478 (Apr. 16, 2015) (mem. decision), this court vacated and remanded the order denying Mother's petition to modify parenting time, but did so for reasons unrelated to the emails. On September 2, 2015, the superior court held a hearing following the remand, at which the court reduced Father's parenting time, but again did so for reasons unrelated to the information contained in Father's emails.

report and improperly obtained a fee waiver. We generally do not address arguments raised for the first time in a reply brief. *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007). In any event, we decline to impose sanctions against Father.

**CONCLUSION**

**¶16**　　　　For the forgoing reasons, we treat this appeal as a special action, accept jurisdiction, and vacate the order disqualifying Mother's attorney. We further remand to the superior court to determine whether other sanctions, if any, are warranted.



Ruth A. Willingham · Clerk of the Court
FILED : ama