NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GREGORY BEST, *Plaintiff/Appellant*,

*v.*

STEVE VILLARREAL, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0785
FILED 2-2-2021

Appeal from the Superior Court in Maricopa County
No. CV2018-015480
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

Gregory Best, Phoenix
*Plaintiff/Appellant*

Law Offices of Kyle A. Kinney PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Chief Judge:

**¶1**      Gregory Best appeals the superior court's judgment resolving a property dispute in favor of Steve Villarreal; Steve Villarreal, P.C.; Foresight Land Investments, LLC; 12th Street Property Trust; Paris Weant; Special Property Investments Corporation; Land Holdings, LLC; Kyle Kinney; and the Law Offices of Kyle A. Kinney, PLLC (collectively, the "Villarreal Defendants").  Best asserted claims for fraud, fraudulent transfers, and tortious interference, among other causes of action.  Finding no error in the superior court's resolution of these claims, we affirm and award the Villarreal Defendants reasonable attorney's fees under ARCAP 25 as a sanction for Best's frivolous appeal.

**FACTS AND PROCEDURAL HISTORY**

**¶2**      The underlying dispute in this case is identical to that of 1 CA-CV 19-0199, or the "First Best Case."  *Best v. Villarreal*, 1 CA-CV 19-0199, 2020 WL 2499776 (Ariz. App. May 14, 2020) (mem. decision).  In both cases, Best alleges that Foresight Investment Group, LLC ("Foresight") and its "co-conspirators" used a fraudulent "shell game" to interfere with Best's planned development project in South Phoenix, involving multiple pieces of real property (the "12th Street Property").  *Id.* at *1, ¶¶ 1–3.  Best alleges that Foresight interfered with his planned project by inducing multiple property owners to transfer their ownership interests to Foresight despite Best's option contracts on the properties.  *See id.* at ¶¶ 2–3.  Best secured a default judgment against Foresight, which was never satisfied.  *Id.*  Meanwhile, the 12th Street Property Trust (the "Trust") purchased the 12th Street Property at a trustee's sale.[1]  *Id.* at *1–*2, *6, ¶¶ 1, 8, 31.  Best alleges

---

[1]      In a related case, we affirmed a forcible entry and detainer judgment against Best and his girlfriend, Linda Lynaugh, when they refused to surrender possession of the 12th Street Property after the Trust obtained the deed.  *12th Street Prop. Trust v. Lynaugh* (*Lynaugh I*), 1 CA-CV 17-0183, 2019

that Foresight arranged this purchase and transfer "with the intent to defraud [Best], its judgment creditor."

¶3            In the first Best case, filed in January 2017, the superior court held in pertinent part: (1) Best presented no evidence of a sale contract with the actual owner of the 12th Street Property; (2) Best's preliminary approval from the Phoenix Planning Commission for subdivision plans including the 12th Street Property did not confer title to Best; (3) any ownership interest that Best may have had was extinguished by the valid trustee's sale of the 12th Street Property; and (4) Best lacked standing to pursue claims to the 12th Street Property. *Id.* at ¶¶ 3, 8. Moreover, no evidence indicated that Foresight ever owned the 12th Street Property. *Id.* at *6, ¶ 35. We affirmed. *Id.* at *9, ¶ 44. We also affirmed the superior court's refusal to impose sanctions against the Trust's attorney Kyle Kinney and denial of Best's motion to amend his complaint. *Id.* at *5–*7, ¶¶ 28, 31, 35.

¶4            Best filed this case almost two years later.[2] In his complaint, he named about thirty defendants and alleged "Civil Torts, Attorney Fraud, Abuse of Process, In-Concert Acts, Aiding and Abetting Fraudulent Transfers, Tortious Interference, Breach of Contract and others" stemming from the same allegedly fraudulent Foresight asset transfer from the first Best case. About a month after filing, Best sought a temporary restraining order ("TRO") and an immediate injunction. The superior court denied Best's TRO and injunction request because Best failed to comply with Rule 65 of the Arizona Rules of Civil Procedure and because he failed to establish that Foresight owned the 12th Street Property. The Villarreal Defendants

WL 1076220, at *1, *3, ¶¶ 1–3, 15 (Ariz. App. March 7, 2019) (mem. decision). In a separate action, Lynaugh sued the Trust to void the trustee's sale, but we affirmed the superior court's entry of summary judgment in favor of the Trust because, in part, the default judgment against Foresight had "no preclusive effect or precedential value" on the trustee's sale. *Lynaugh v. 12th Street Prop. Trust* (*Lynaugh II*), 1 CA-CV 18-0375, 2019 WL 1929962, at *1–*2, ¶¶ 1, 6, 11 (Ariz. App. April 30, 2019) (mem. decision).

2        In the interim, Best and Lynaugh filed and appealed many other suits. *E.g.*, *Best v. Hull Holliday & Holliday PLC*, 1 CA-CV 19-0594, 2020 WL 5523202 (Ariz. App. Sept. 15, 2020) (mem. decision); *Lynaugh v. Vincent*, CV-19-04643-PHX-DJH, 2020 WL 673483 (D. Ariz. Feb. 11, 2020); *Lynaugh II*, 1 CA-CV 18-0375; *Lynaugh I*, 1 CA-CV 17-0183; *Lynaugh v. BMO Harris Bank NA*, 1 CA-CV 18-0013, 2019 WL 386354 (Ariz. App. Jan. 31, 2019) (mem. decision).

filed motions to dismiss and joined other parties' motions to dismiss. Extensive motion practice followed.

**¶5**        Best filed three motions to disqualify four attorneys for alleged conflicts.  After oral argument, the superior court: (1) denied all motions against the attorneys; (2) granted the Villarreal Defendants' motions to dismiss; and (3) denied Best leave to amend his complaint.

**¶6**        Meanwhile, in November 2019, the superior court declared Best a vexatious litigant.[3]  Thereafter, the superior court entered a signed judgment in favor of the Villarreal Defendants and granted attorney's fees and costs totaling $26,653.24.  Best timely appealed regarding only the Villarreal Defendants.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.        Dismissal of Claims.

**¶7**        Best argues the superior court erred by dismissing his claims against the Villarreal Defendants.  We review a Rule 12(b)(6) dismissal for failure to state a claim de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).  Arizona's notice pleading standard requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Ariz. R. Civ. P. 8(a)(2).  This standard ensures that the defendant receives "fair notice of the nature and basis of the claim." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008).

**¶8**        "The doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999).  Under this doctrine, a judgment on the merits in a prior suit involving the same parties bars a second suit based on the same cause of action. *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986).  A cause of action is the same if "no additional evidence is needed to prevail in the second action than that needed in the first." *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 240 (App. 1997).

**¶9**        The lion's share of Best's claims are precluded by res judicata. Best's claims regarding fraudulent transfer, tortious interference, and

---

[3]        *See* Maricopa Cnty. Super. Ct. Admin. Order No. 2019-146, http://www.superiorcourt.maricopa.gov/SuperiorCourt/Administrative Orders/AdminOrders/AO%202019-146.pdf.

"[b]ogus TDUS" (trustee deed upon sale) have been litigated extensively and to finality in this court and the superior court. *See First Best Case*, 1 CA-CV 19-0199, at *1–*2, *7, ¶¶ 1, 3, 7–8, 34–37, 44 (affirming summary judgment for Villarreal and others on Best's claims of fraudulent transfer and tortious interference with a business expectancy); *Lynaugh II*, 1 CA-CV 18-0375, at *1, *3, ¶¶ 1, 3, 16 (affirming summary judgment in a suit to void the trustee's sale); *BMO Harris Bank NA*, 1 CA-CV 18-0013, at *1, *2, *5, ¶¶ 1, 8–9, 22 (same). And as we held in Best's previous case, A.R.S. § 33-811(C) bars Best's attack on the trustee's sale. *See Lynaugh II*, 1 CA-CV 18-0375, at *2, ¶¶ 9, 10.

**¶10** With respect to the other claims—breach of contract and abuse of process—Best's complaint failed to meet the requisite notice pleading standard. Best alleges that the Villarreal Defendants are liable for breach of contract but fails to allege any facts about the contract; Best's complaint does not specify when the contract was formed, the obligations of the parties, the parties to the contract, or any details about a breach. *See Goodman v. Physical Res. Eng'g, Inc.*, 229 Ariz. 25, 28, ¶ 7 (App. 2011) (explaining that to prevail on a breach of contract claim, a claimant must prove a contract existed between the parties, the other party breached that contract, and the claimant suffered damages as a result).

**¶11** Further, Best does not explain, let alone demonstrate, how the Villarreal Defendants are liable for abuse of process. "The elements of an abuse-of-process claim are (1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, ¶ 11 (App. 2004) (citation and quotation omitted). To establish an ulterior purpose, a claimant "must present more than mere speculation to support the assertion that the defendant has used court processes with an improper intent." *Id.* at 259, ¶ 18. Moreover, the claimant must show the defendant's actions "could not logically be explained without reference to the defendant's improper motives." *Id.* at ¶ 19. In his complaint, Best advances only conclusory allegations that the Villarreal Defendants "participated in defrauding the Court" and "advanced legal cases with falsehoods and material misrepresentations" by using "fake and[/]or forged documents." Best's complaint never moves beyond conclusory speculation to define improper intent or motives that could form the basis for a cognizable claim. *See id.* at ¶¶ 18, 19.

**¶12** Because Best's claims for abuse of process, breach of contract, fraudulent transfer, tortious interference, and "bogus TDUS" are precluded or otherwise fail to state a claim, the superior court did not err in granting

the Villarreal Defendants' motions to dismiss. Best argues that his response adequately "debunked" each of the Villarreal Defendants' arguments for dismissal, and if not, he should have had the right to amend his complaint. But here, an amended complaint would also be futile because the court already resolved these claims against Best as a matter of law. *See First-Citizens Bank & Trust Co. v. Morari*, 242 Ariz. 562, 567, ¶ 12 (App. 2017) ("A court does not abuse its discretion by denying a request to amend if the amendment would be futile."); *see also Lynaugh II*, 1 CA-CV 18-0375, at *3, ¶ 13. Finally, because Best has no ownership interest in the 12th Street Property, the Villarreal Defendants would be entitled to dismissal even if Best was allowed to file an amended complaint. *First Best Case*, 1 CA-CV 19-0199, at *7, ¶ 35.

**¶13** Best also argues that he was entitled to a TRO under Rule 65. *See* Ariz. R. Civ. P. 65. But because we find the superior court did not err in granting the Villarreal Defendants' motions to dismiss and motion for summary adjudication, his argument is moot and we need not address it.

II.     Alleged Attorney Misconduct.

**¶14** Best argues the superior court should have disqualified attorney Kyle Kinney under the advocate-witness rule.[4] We review a superior court's ruling on a motion to disqualify counsel for an abuse of discretion. *Burch & Cracchiolo, P.A. v. Myers*, 237 Ariz. 369, 374, ¶ 14 (App. 2015). An attorney cannot serve as an advocate at a trial where he or she is likely to be a necessary witness unless the testimony relates to an uncontested issue, the testimony involves legal services rendered in the case, or disqualification of the lawyer would create a substantial hardship for the client. Ariz. R. Sup. Ct. 42, ER 3.7. Application of this rule involves balancing a litigant's right to choose his or her counsel against the prejudice that may be caused by opposing counsel serving as both an advocate and witness. *Sec. Gen. Life Ins. Co. v. Superior Court*, 149 Ariz. 332, 335 (1986). To strike this balance, an advocate-witness disqualification motion must show: (1) "the attorney will give evidence material to the determination of the

---

4       *See First Best Case*, 1 CA-CV 19-0199, at *5, ¶¶ 22–27 (explaining why, in an identical argument made by Best, the advocate-witness rule did not disqualify a Lucas Land attorney from representation). Best has a repetitious history of alleging so-called "attorney torts," designed to expand the litigation. *See* Maricopa Cnty. Super. Ct. Admin. Order No. 2019-146 at 2, http://www.superiorcourt.maricopa.gov/SuperiorCourt/Administrative Orders/AdminOrders/AO%202019-146.pdf.

issues being litigated," and (2) the evidence is "unobtainable elsewhere." *Id.* (quoting *Cottonwood Estates v. Paradise Builders*, 128 Ariz. 99, 105 (1981)). Because disqualification motions are subject to tactical abuse, the party seeking disqualification carries the burden and such motions should be granted only in extreme circumstances. *Simms v. Raye*s, 234 Ariz. 47, 50, ¶ 8 (App. 2014).

**¶15** Here, the superior court did not err in determining that Best failed to meet the burden of proof for attorney disqualification. First, Best does not allege that Kinney had any material evidence relevant to the issues at hand. Best points to Kinney's pleadings and motions as proof of Kinney's "personal involvement which includes conspiring with the Defendants he is trying to plead for." Best does not allege anything that differentiates "conspiring" from "representing." Best also fails to show that Kinney's testimony is unobtainable elsewhere; he only expounds that "Kinney will have to answer to why he claimed Foresight lost all its properties" and other allegations. Best's unsupported allegations fail to satisfy the burden of proof necessary for attorney disqualification.

III. Attorney's Fees.

**¶16** This court has previously sanctioned Best for bringing frivolous lawsuits or rewarded attorney's fees to an opposing party under both ARCAP 25 and A.R.S. § 12-349. *See, e.g., Best v. Nieblas*, 1 CA-CV 19-0312, 2020 WL 6065961, at *5, ¶ 26 (Ariz. App. Oct. 15, 2020) (mem. decision); *First Best Case*, 1 CA-CV 19-0199, at *9, ¶ 44; *Best v. Driggs Title Agency, Inc.*, 1 CA-CV 19-0037, 2019 WL 7182582, at *4, ¶ 18 (Ariz. App. Dec. 24, 2019) (mem. decision); *Best v. Hillard*, 2 CA-CV 2014-0154, 2015 WL 530138, at *4, ¶ 13 (Ariz. App. Feb. 10, 2015) (mem. decision); *Best v. Warrick*, 1 CA-CV 12-0043, 2013 WL 1653586, at *3–*4, ¶¶ 15–19 (Ariz. App. Apr. 16, 2013) (mem. decision). We have previously stated: "[t]he record demonstrates that Best is engaging in a practice of litigation that is intended to harass, is groundless, and is not made in good faith." *See Best v. Carson Messinger Elliott Laughlin & Ragan, P.L.L.C.*, 1 CA-CV 08-0702, 2009 WL 3115835, at *7, ¶¶ 33–35 (Ariz. App. Sept. 29, 2009) (mem. decision). Yet "[n]otwithstanding this history of sanctions, Best has continued misusing the judicial process." *Nieblas*, 1 CA-CV 19-0312, at *5, ¶ 26.

**¶17** Here, Best's arguments are frivolous and unsupported by any reasonable legal theories. *See* ARCAP 13(a)(6)–(7). We therefore exercise our discretion to grant the Villarreal Defendants reasonable attorney's fees upon compliance with ARCAP 21. *Matter of Levine*, 174 Ariz. 146, 152–53 (1993) (finding an appeal frivolous because it was unsupported by any

reasonable legal theory and presented no colorable argument); *see also* ARCAP 13(a)(6)–(7). Because Best does not prevail and is appearing pro per, we deny his request for fees. *See* ARCAP 21; *see also Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 64, ¶ 40 (App. 2010).

## CONCLUSION

**¶18** For the foregoing reasons, we affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED: AA